UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-341-RJC-DCK

| | |
|---|---|
| STACY ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| BIG BEAR EVENTS, LLC ) | |
| d/b/a ANGRY ALE'S and ) | |
| ANDREW HENSON ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint, (Doc. No. 1-1: Complaint); Defendants' Motion to Dismiss for Failure to State a Claim and Supporting Memorandum, (Doc. Nos. 6 & 7); the Magistrate Judge's Memorandum and Recommendations, (M&R), (Doc. No. 14); Plaintiff's Objections to the M&R, (Doc. No. 16); and Defendants' Reply to Plaintiff's Objections, (Doc. No. 17). Having considered carefully these materials in their entirety, this Court **ADOPTS** the Magistrate Judge's Recommendations with respect to each claim with the exception of Plaintiff's claims related to Retaliation.

As Defendants' Motion to Dismiss does not address Plaintiff's claims for sexual harassment, negligent supervision, or assault and battery, those claims survive and are not subject to review by this Court at present.

**I.      BACKGROUND**

    A.      Procedural Background

On April 30, 2012, Plaintiff Ortiz (Plaintiff) filed a complaint in Mecklenburg County Superior Court against Defendants Big Bear Events LLC (Big Bear) who operate under the name "Angry Ale's" (Angry Ale's). Additionally, Plaintiff named as Defendant Andrew Henson (Henson), who served as the supervisor of Plaintiff as well as partial owner of Angry Ale's. (Doc. 1-1: Complaint ¶ 6). The complaint alleged several causes of action including: (1) sexual harassment, retaliation and constructive discharge in violation of Title VII; (2) sex discrimination in violation of North Carolina public policy; (3) intentional infliction of emotional distress (IIED); (4) negligent supervision and retaliation by Angry Ale's; (5) negligent infliction of emotional distress (NIED); and (6) assault and battery. (Id.).

The case was removed to this Court on May 31, 2012. On June 27, 2012, Defendants filed a Motion to Dismiss under Rule 12(b)(6) for: (1) the first claim insofar as it alleges retaliation and constructive discharge (but not sexual harassment); (2) the second claim for sex discrimination in violation of N.C. public policy; (3) the third claim for IIED; and, (4) the fifth claim for NIED. Defendants did not include the claims related to sexual harassment, negligent supervision or assault and batter in the motion to dismiss. Accordingly, those claims survive and are not subject to review by this Court at present. In her response in opposition to Defendant's Motion to Dismiss, Plaintiff did not oppose dismissal of her second claim for sex discrimination in violation of N.C. public policy.

On November 7, 2012, the Magistrate Judge filed the M&R recommending that this Court grant the Defendants' Motion to Dismiss in its entirety. Plaintiff filed objections to the M&R on November 26, 2012, to which Defendant replied on December 13, 2012.

B. Factual Background

Plaintiff worked as a server at Angry Ale's from approximately May 2008 until January 2011. Plaintiff alleges that she was subjected to unwanted physical contact on numerous occasions by Defendant Henson; that Henson, in multiple instances, touched her inappropriately, including on her thigh and buttocks; that he made sexually humiliating comments to Plaintiff and exposed her to pornography during her employment; that he made lewd comments regarding Plaintiff's practices as a massage therapist; that he told a customer that Plaintiff had performed oral sex on him in his office; and, that he requested that all female servers, including Plaintiff, wear degrading T-shirts during their shifts.

Plaintiff alleges that she informed management repeatedly of Henson's sexual harassment of her. In June 2010, Defendant learned that Plaintiff had received legal advice relating to the sexual harassment of her by Henson. She alleges that, following this discovery by Defendants, she was closely monitored and was no longer able to pick up additional shifts at the restaurant. On July 8, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which she alleged (continuing) discrimination based on sex and retaliation.

Following Plaintiff's EEOC complaint, Henson accused Plaintiff of being responsible for a fire which had forced Angry Ale's to close. On January 31, 2012, the EEOC issued Plaintiff a right to sue letter. The instant suit was filed within 90 days and is timely.

## II. STANDARD OF REVIEW

A party may file specific, written objections to a magistrate judge's M&R within ten days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that

"a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1). In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff," Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993), and should grant the motion only where the complaint fails to state "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell v.Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Plaintiff objected to the following recommendations from the Magistrate Judge: (1) That Plaintiff failed to allege facts sufficient to support a prima facie case of retaliation; (2) that the Court lacked subject matter jurisdiction to hear Plaintiff's constructive discharge claim; (3) that Plaintiff failed to allege facts sufficient to support a claim for constructive discharge; and, (4) that Plaintiff failed to alleged facts sufficient to support a claim of IIED. In light of Plaintiff's objections, this Court reviews each of these issues de novo.

### A. Prima Facie Case of Retaliation

To support a Retaliation claim under Title VII, a plaintiff must demonstrate: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010),

4

aff'd 132 S. Ct. 1327 (2012). The Magistrate Judge found that Plaintiff, in alleging that Defendant requested co-workers to monitor Plaintiff and refused to allow Plaintiff to pick up additional shifts at the restaurant, (Doc. No. 1-1 at 4), failed to allege sufficiently an adverse action. An adverse action can also include an employer's decision to demote an employee or relegate him to "reduced pay, diminished opportunity for promotion, reduced responsibility, or lower rank." Royster v. Costco Wholesale Corp., 378 F.Supp.2d 595, 605 (M.D.N.C. 2005). "Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the terms, conditions, or benefits of employment." Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir. 2001).

The Magistrate Judge correctly found that Plaintiff, in alleging that Defendant requested co-workers to monitor her closely, had not alleged the type of severe retaliatory harassment sufficient to constitute an adverse employment action. (Doc. No. 14 at 6). The issue for this Court is whether Plaintiff has alleged sufficiently that the denial of the opportunity to pick up additional shifts constitutes an adverse action sufficient to support a claim for retaliation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Plaintiff alleges in two separate sections of her complaint that Defendants refused to allow her to pick up additional shifts at the restaurant. (Doc. No. 1-1: Complaint at ¶¶23, 36). Here, drawing the inferences in Plaintiff's favor, the Court finds that it is "plausible" that a plaintiff serving in a job with a fluctuating schedule where pay is tied closely to the amount and

5

type of hours worked (and where certain shifts are more remunerative than others), could make a showing that the failure to assign additional shifts effectively subjects the plaintiff to 'reduced pay, diminished opportunity for promotion, reduced responsibility, or lower rank.' Accordingly, finding that Plaintiff has sufficiently alleged an "adverse action," the Court need not address alternative inquiries whether a reasonable employee would have been dissuaded from bringing a charge of discrimination. Finally, Plaintiff has sufficiently alleged facts to suggest a causal link between her seeking legal advice and the adverse action.

It is ordered that Defendant's Motion to Dismiss Plaintiff's Retaliation Claim is denied.

B.    <u>Constructive Discharge Claim</u>

In a Title VII employment discrimination or harassment case, the scope of the civil lawsuit is determined by the charges in plaintiff's EEOC filing. <u>See</u> <u>Smith v. First Union Nat'l Bank</u>, 202 F.3d 234, 247 (4th. Cir. 2000). A plaintiff must exhaust her administrative remedies by filing a complaint with the EEOC prior to bringing suit under Title VII. <u>See</u> <u>Bryant v. Bell Atlantic Md. Inc.</u>, 288 F.3d 124, 132 (4th Cir. 2002). This serves to give notice to the employer and prevents an employer from later claiming to be prejudiced by lack of notice of the allegations. <u>Chacko v. Patuxent Institution</u>, 429 F.3d 505, 510 (4th Cir. 2005). "The EEOC's role in Title VII is thus critical because it can promote voluntary settlement in a manner than a more adversarial process cannot." <u>Id.</u> (internal citation omitted).

This Court agrees with the Magistrate Judge that the Court lacks subject matter jurisdiction to hear the claim. A claim for constructive discharge is a separate act requiring administrative exhaustion. <u>Young v. Nat'l Ctr. for Health Serv. Research</u>, 828 F.2d 235, 237-38 (4th Cir. 1987). Although she checked the box for a "continual violation," Plaintiff alleged no

6

facts in her EEOC complaint which would suggest that the resulting administrative investigation would include a charge for constructive discharge. The EEOC was not afforded an opportunity to investigate the claims of constructive discharge; nor were the Defendants provided notice that they may have to defend against such charges. Here, Plaintiff did not allege any particular facts in her EEOC complaint to suggest constructive discharge. If the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred. Taylor v. Va. Union Univ., 193 F.3d 219, 239 (4th Cir. 1999). Accordingly, this Court finds that Plaintiff's constructive discharge claim to be procedurally barred and outside the proper subject matter under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).

Having found that this Court lacks subject matter jurisdiction to hear the constructive discharge claim, this Court declines to review to Magistrate Judge's finding that the Plaintiff had failed to allege facts sufficient to establish a claim for constructive discharge.

    C.  <u>Intentional Infliction of Emotional Distress (IIED) Claim</u>

To prevail on a claim for IIED, a plaintiff must demonstrate that: (1) defendant engaged in extreme and outrageous conduct; (2) which was intended to and did in fact cause; (3) severe emotional distress. Waddle v. Sparks, 414 S.E.2d 22, 27 (1992). North Carolina courts have found conduct to be extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 340 S.E.2d 116, 123 (1986). Whether the conduct alleged meets this standard is a question of law. Lenins v. K-Mart Corp., 391 S.E.2d 843, 848 (1990). Finally, North Carolina courts

have been extremely reluctant to find actionable IIED claims in an employment context.  <u>Jackson v. Blue Dolphin Communications of North Carolina, L.L.C.</u>, 226 F.Supp.2d 785, 794 (W.D.N.C. 2002).

In the instant case, the Court finds the behavior alleged by Plaintiff who was subject to inappropriate touching, offensive comments, exposure to pornography and retaliation for seeking legal advice to be abhorrent and subject to proper sanction under Title VII if proven at trial.  It does not however, find the conduct alleged to be "so extreme in degree . . . to be regarded as atrocious, and utterly intolerable in a civilized community."  <u>Hogan</u>, 340 S.E.2d at 123.

While a claim for IIED may be based upon sexually harassing behavior, it does not follow that every instance of sexual harassment automatically qualifies under this rigorous standard for "outrageous" behavior.  The Court recognizes that many of the factors which the North Carolina Court considers are present in the assumed as true facts in the instant case: Henson was Plaintiff's supervisor; he touched Plaintiff inappropriately; he made sexually offensive comments toward her; he made comments to third parties about engaging in sexual acts with Plaintiff.  Nonetheless, the Court finds that the type of touching alleged, although repeated and clearly inappropriate, does not rise to the level required by law to qualify as "outrageous."  The language chosen by the North Carolina courts is deliberately restrictive: as a matter of law, the conduct must be "atrocious and utterly intolerable in civilized community."  Such language suggests a degree and kind of behavior which differs even from behavior universally regarded as inappropriate and abhorrent.  The facts alleged here do not meet this description.  The Court agrees with the Magistrate Judge's finding that although Defendants' alleged conduct is "lewd" and "wholly inappropriate," it does not sufficiently allege the elements of an IIED claim.

Because the Court finds that the conduct does not qualify as "outrageous," it declines to consider whether Plaintiff had sufficiently alleged severe emotional distress.

D. Plaintiff's Request for Leave to Amend Complaint

Plaintiff requests that if this Court determines that there are not sufficient facts to support either Plaintiff's first or third causes of action, that she be granted leave to amend her complaint. Under the applicable Rule, "leave [to amend a complaint] shall be freely given when justice so requires." FED. R. CIV. P.15(a). Such leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted) (emphasis in original). In this instance, Defendant has objected to the request for leave to amend on the grounds that it would be dilatory and in bad faith insofar as "the additional allegations include facts that were at all times known to plaintiff." (Doc. No. 17 at 20.).

The Local Court Rules for the Western District of North Carolina establish that "[m]otions shall not be included in responsive briefs. Each motion shall be set forth as a separately filed pleading." LOCAL RULE 7.1(C)(2). Courts in this district have consistently discouraged such filings in responsive pleadings as it "encourages dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion rather than at the time the new information is discovered." Bailey v. Polk County, 2011 WL 456449 at * 4. This Court agrees and **DENIES** Plaintiff's request for leave to amend.

E. Negligent Infliction of Emotional Distress

9

Plaintiff did not issue any objections to the Magistrate Judge's Recommendation to Dismiss her claim for NIED. Reviewing the Magistrate Judge's Recommendation, this Court finds no clear error and **ADOPTS** the recommendation to dismiss the claim for NIED.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that: Defendants' Motion to Dismiss Plaintiff's Retaliation Claim is **DENIED**. Defendants' Motion to Dismiss Plaintiff's Claims for Sex Discrimination under North Carolina Law, Intentional Infliction of Emotion Distress (IIED), Negligent Infliction of Emotional Distress (NIED) are **GRANTED**.

As Defendants' Motion to Dismiss does not address Plaintiff's claims for sexual harassment, negligent supervision, or assault and battery, those claims survive.

Signed: January 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge